United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **CARDIAQ VALVE TECHNOLOGIES, INC.**, | ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 14-12405-NMG |
| **NEOVASC, INC.** and **NEOVASC TIARA, INC.**, | ) ) ) |  |
| Defendants. | ) ) |  |

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of an alleged misuse of confidential information belonging to plaintiff CardiAQ Valve Technologies, Inc. ("CardiAQ") in developing a prosthetic heart mitral valve. CardiAQ asserts claims for relief against defendants Neovasc, Inc. and its wholly-owned subsidiary, Neovasc Tiara, Inc. (collectively "Neovasc") for 1) correction of inventorship, 2) breach of contract, 3) breach of implied covenant of good faith and fair dealing, 4) fraud, 5) misappropriation of trade secrets and 6) unfair and deceptive trade practices.

CardiAQ is a corporation organized and existing under the laws of Delaware. Until February, 2010, it maintained its principal place of business in Winchester, Massachusetts. Since 2010, it has removed its principal place of business to Irvine, California.

Neovasc is organized and incorporated under the laws of Canada with its principal place of business in Richmond, British Columbia, Canada.  Neovasc conducts some of its business in the United States, including in Massachusetts.

Pending before the Court is defendants' motion to transfer venue to the United States District Court for the Central District of California.  For the reasons that follow, the motion will be denied.

## I. Procedural history

Plaintiff filed its complaint in June, 2014.  The following month, Neovasc moved to transfer the case and to dismiss CardiAQ's claims for correction of inventorship, fraud and unfair and deceptive trade practices.  In August, 2014, CardiAQ filed an amended complaint and defendants subsequently moved to dismiss the same three claims.  This opinion addresses only Neovasc's motion to transfer.

## II. Defendants' motion to transfer

### A. Legal standard

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  In order for the court to transfer under § 1404(a), it must be shown that the case could have been properly brought in the transferee forum.  Venue is proper in a

judicial district in which the defendant resides or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(b)(2). A corporate defendant resides in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

While the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum. Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012) (citation omitted).  "[U]nless the balance is strongly in favor of defendant, a plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

The defendant must bear the burden of proving that a transfer is warranted. Momenta Pharm., 841 F. Supp 2d at 522. Factors to be considered in determining whether transfer is warranted include 1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake. Id.

**B.   Application**

As a preliminary matter, the defendants do not challenge this Court's exercise of personal jurisdiction over them, nor do they contend that venue is improper.  Nevertheless, Neovasc asks that the case be transferred to the Central District of California, the plaintiff's home forum, pursuant to 28 U.S.C. § 1404(a).

Neovasc emphasizes the convenience of and costs likely to be incurred by both parties.  Ironically, it focuses primarily on the purported convenience of the plaintiff.  It contends that the Central District of California is geographically more proximate for both corporations because CardiAQ is currently headquartered in that district and Neovasc is headquartered 1,300 miles to the north.  On the other hand, Massachusetts is 3,200 miles from its headquarters.

Neovasc also assumes that CardiAQ's documents are located in California and asserts that its relevant records are located in British Columbia.  With respect to potential witnesses, Neovasc claims that most of them are presently located in the Central District of California or British Columbia.

Neovasc further alleges that this district has only a tangential connection to CardiAQ's claims.  It concedes, however, that the business relationship between the two companies was formed in Massachusetts and the non-disclosure

agreement was executed in Massachusetts.  Neovasc avers that any alleged tortious activity would have necessarily occurred at its own headquarters in British Columbia.  The Central District of California is mentioned only insofar as it is the present location of plaintiff's headquarters but it is not purported to have any connection to the activity that gave rise to the pending action.

The plaintiff, on the other hand, explains that it filed the case in this district because all relevant activities giving rise to its claims occurred in Massachusetts, which is the venue most closely connected to the case.  For example, Massachusetts is where: 1) CardiAQ developed the proprietary technology and trade secrets at issue, 2) Neovasc solicited CardiAQ's business, 3) CardiAQ's non-disclosure agreement was executed and 4) CardiAQ made material disclosures to Neovasc.

CardiAQ refutes Neovasc's convenience arguments by explaining that its two principals actually reside in or near Massachusetts.  Only one of the nine potential witnesses listed by Neovasc is domiciled within the Central District of California.  Furthermore, documents subject to discovery, most of which are electronic anyway, are located in Massachusetts, California, and British Columbia, and thus their location is mostly irrelevant.  Finally, in light of Neovasc's global business operations, it will not be unduly burdened by having to

travel from British Columbia to Massachusetts rather than to Southern California for Court proceedings.  Neovasc's arguments regarding the relative convenience of the parties and witnesses are therefore unavailing.

Defendants' arguments for change of venue are simply not compelling enough to overcome the presumption in favor of the plaintiff's choice of forum.

## ORDER

Accordingly, defendants' motion to transfer venue (Docket No. 19) is **DENIED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated October 3, 2014