IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARDIAQ VALVE TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEOVASC INC., a Canadian corporation; and<br>NEOVASC TIARA INC., a Canadian corporation,<br><br>Defendants. | ) Civil Action No. 1:14-cv-12405-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT PURSUANT TO LR 16.1**

Pursuant and subject to the provisions of Rules 16(b) & (c) and 26(f) of the Federal Rules of Civil Procedure and LR 16.1, counsel for Plaintiff CardiAQ Valve Technologies, Inc. and counsel for Defendants Neovasc Inc. and Neovasc Tiara Inc. have conferred concerning (a) an agenda of matters to be discussed at the November 5, 2014, Scheduling Conference; (b) proposed pretrial schedules for the case, on which the parties disagree; (c) a request by Defendants for a briefing schedule on an issue in dispute; and (d) whether the parties will consent to trial by magistrate judge, and the parties hereby submit the following Joint Statement:

**A.     Proposed Agenda**

The parties respectfully suggest that an appropriate agenda for the Scheduling Conference would include (a) a discussion of the parties' proposed case schedule set forth herein; and (b) oral argument on Defendants' pending "Motion to Dismiss Claims for Correction of Inventorship, Fraud, and Unfair and Deceptive Trade Practices from First Amended Complaint." Defendants respectfully suggest that the agenda also include a discussion of

Defendants' request regarding a pre-discovery, reasonably particular identification of Plaintiff's trade secret claims.

B.  **Proposed Pretrial Schedule [Disputed]**

   1.  **Plaintiff's Proposed Pretrial Schedule**

Plaintiff proposes the following pretrial schedule:

| EVENT | DATE |
|---|---|
| Deadline for Initial Disclosures | November 13, 2014 |
| Deadline for Amendment of Pleadings (without leave of Court) | December 29, 2014 |
| Deadline to Complete Fact Discovery | February 29, 2016 |
| Deadline to Make Rule 26(a)(2)(A) & (B) Expert Disclosures (on issues on which the disclosing party has the burden of proof) | March 21, 2016 |
| Deadline to Make Rule 26(a)(2)(A) & (B) Rebuttal Expert Disclosures (on issues on which the disclosing party does not have the burden of proof) | April 18, 2016 |
| Deadline to Complete Expert Discovery | May 13, 2016 |
| Deadline to File Dispositive Motions | May 31, 2016 |
| Deadline to File Oppositions to Dispositive Motions | June 20, 2016 |
| Hearing on Dispositive Motions | July 11, 2016 |
| Final Pretrial Conference | August 8, 2016 |
| Trial | August 22, 2016 |

   2.  **Defendants' Proposed Pretrial Schedule**

| EVENT | DATE |
|---|---|
| Deadline for Initial Disclosures | November 3, 2014 |
| Plaintiff to Serve Reasonably Particular Identification of Trade Secret Claims | November 13, 2014 |
| Deadline for Amendment of Pleadings (without leave of Court) | January 30, 2015 |
| Deadline to Complete Fact Discovery | June 30, 2015 |
| Deadline to Make Rule 26(a)(2)(A) & (B) Expert Disclosures (on issues on which the disclosing party has the burden of proof) | July 31, 2015 |
| Deadline to Make Rule 26(a)(2)(A) & (B) Rebuttal Expert Disclosures (on issues on which the disclosing party does not have | August 31, 2015 |

| | |
|---|---|
| the burden of proof) | |
| Deadline to Complete Expert Discovery | September 30, 2015 |
| Deadline to File Dispositive Motions | October 31, 2015 |
| Deadline to File Oppositions to Dispositive Motions | December 4, 2015 |
| Hearing on Dispositive Motions | At Court's discretion in early 2016 |
| Final Pretrial Conference | Early 2016 |
| Trial | Early 2016 |

**C. Defendants' Request for Pre-Discovery Identification of Trade Secret Claims (Disputed)**

**1. Defendants' Position**

In cases alleging misappropriation of trade secrets, federal courts here and around the country generally require the plaintiff, before serving discovery, to provide a reasonably particular identification of each asserted trade secret claim to the defendant. Courts do so under Rule 16, and a host of district courts have applied the rule in a practice that is emerging as the national consensus in cases alleging misappropriation of trade secrets. *See Content Mgmt. Assoc. v. FMR LLC*, Civil Action No. 10-11364-GAO, 2012 U.S. Dist. LEXIS 17320 (D. Mass. Feb. 13, 2012) ("The plaintiff here must identify with reasonable particularity the trade secrets that may have been misappropriated before its entitled to compel discovery for its trade secret claims."). The purpose is to permit more focused discovery and allow the defendant fair notice of the specific information it is accused of misappropriating so that it can prepare specific defenses. Here, where Plaintiff alleges that Defendants published the alleged trade secrets in a publicly-available patent, identifying the trade secret claims in a pre-discovery list poses no issues.

Defendants propose that Plaintiff serve this statement on November 13, 2014. In the alternative, if the Court would prefer to consider full briefing on this issue in order to review the many cases around the country adopting this practice, Defendants propose that its opening brief be due on November 13, 2014, that Plaintiff's opposition be due on December 2, 2014, that

Defendants' reply be due (with leave of Court) on December 9, 2014, and that the Court set a hearing at its discretion.

    **2.**    **Plaintiff's Position**

Defendants now propose a cumbersome procedure that inhibits discovery and that does not exist under Massachusetts law.  Plaintiff is confident that Defendants will propound an interrogatory that asks Plaintiff to identify its trade secrets; Defendants' proposed procedure will add nothing to their ability to learn Plaintiff's position or the facts upon which Plaintiff will rely in this case.

Instead, through their proposed new procedure, Defendants seek to delay their obligation to respond to Plaintiff's discovery, until Plaintiff has identified its trade secrets at issue at a level of detail that Defendants themselves concede is sufficient.  Plaintiff respectfully submits that this Court should deny Defendants' request and simply advise the parties to follow the law that is already in place:  the Federal Rules of Civil Procedure and substantive Massachusetts law.

**D.**    <u>**Assignment to Magistrate Judge**</u>

The parties respectfully decline to consent to trial of this case by magistrate judge.

**E.**    <u>**Other Matters**</u>

On October 14, 2014, Defendants sent Plaintiff a draft protective order for the treatment of information designated as confidential, as well as a protocol governing production of electronically stored information (ESI).  Defendants are presently awaiting comments on these documents.  Until a protective order is formally entered, the parties agree to treat all confidential discovery responses and document production received from a party-opponent as "attorneys' eyes only," subject to agreements set forth in the final protective order.  The parties have stipulated to an agreement for PDF email service of materials not required to be filed through the Court's ECF system.

**F.     LR 16.1(d)(3) Certifications**

The undersigned certify that each has consulted with his respective clients concerning litigation budgets and alternative dispute resolution, as required by LR 16.1(d)(3).

Respectfully submitted this 27th day of October, 2014.

| **CARDIAQ VALVE TECHNOLOGIES, INC.** | **NEOVASC INC. and NEOVASC TIARA INC.** |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ John W. Holcomb<br>Randall T. Weeks, Jr. (BBO#630326)<br>Timothy D. Wenger (BBO#674087)<br>PARTRIDGE SNOW & HAHN, LLP<br>128 Union Street, Suite 500<br>New Bedford, MA  02740<br>(774) 206-8200<br>rtw@psh.com<br>tdw@psh.com<br><br>John B. Sganga, Jr. (admitted *pro hac vice*)<br>John W. Holcomb (admitted *pro hac vice*)<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614<br>(949) 760-0404<br>john.sganga@knobbe.com<br>john.holcomb@knobbe.com<br><br>Vito A. Canuso III (admitted *pro hac vice*)<br>9582 Featherhill Drive<br>Villa Park, CA  92861<br>(714) 941-0579<br>vito@canuso.com | /s/ Charles T. Graves (with permission)<br>Michael L. Chinitz<br>Meredith Doty<br>ROSE, CHINITZ & ROSE<br>One Beacon Street, 23rd Floor<br>Boston, MA  02108<br>617-536-0040<br>mlc@rose-law.net<br><br>Gerard D. O'Shea<br>State Bar of Massachusetts No. 660236<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY  10019-6022<br>Phone:  212-999-5800<br>Fax:  212-999-5899<br><br>Douglas H. Carsten (*pro hac vice*)<br>Peter S. Kang (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>12235 El Camino Real, Suite 200<br>San Diego, CA 92130<br>Phone: 858-350-2305<br>Fax: 858-350-2399<br>Email: dcarsten@wsgr.com<br>Email: pkang@wsgr.com<br><br>Charles T. Graves (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza |

Spear Tower, Suite 3300
San Francisco, CA 94105
Phone: 415-947-2109
Fax: 415-947-2099
Email: tgraves@wsgr.com

Shaun R. Snader (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Phone: 202-973-8800
Fax: 202-973-8899
E-mail: ssnader@wsgr.com

*Attorneys for Defendants Neovasc Inc. and Neovasc Tiara Inc.*

-7-

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 27th day of October, 2014.

                                    */s/ John W. Holcomb*
                                    John W. Holcomb (admitted *pro hac vice*)

19196734
102714